J-S16015-25

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| JAMES F. SINKOVITZ | : | |
| | : | |
| Appellant | : | No. 1488 MDA 2024 |

Appeal from the PCRA Order Entered September 12, 2024
In the Court of Common Pleas of Dauphin County Criminal Division at
No(s):  CP-22-CR-0000808-2009

BEFORE:  LAZARUS, P.J., BOWES, J., and LANE, J.

MEMORANDUM BY LAZARUS, P.J.:          **FILED: MAY 27, 2025**

James F. Sinkovitz appeals, *pro se*, from the order, entered in the Court of Common Pleas of Dauphin County, dismissing as untimely his petition filed pursuant to the Post Conviction Relief Act (PCRA), 42 Pa.C.S.A. §§ 9541-9546. After review, we affirm.

In January 2009, Sinkovitz was arrested and charged with criminal homicide.  Following a jury trial, Sinkovitz was convicted of first-degree murder and, on November 23, 2009, sentenced to life imprisonment. Following the denial of post-sentence motions, Sinkovitz filed a timely direct appeal in June 2010.  Our Court affirmed Sinkovitz's judgment of sentence and the Pennsylvania Supreme Court denied his petition for allowance of appeal.  **See Commonwealth v. Sinkovitz**, 24 A.3d 448 (Pa. Super. 2011) (Table); **id.**, 30 A.3d 488 (Pa. 2011) (Table).  Sinkovitz filed a timely first PCRA petition; the court appointed counsel who ultimately moved to withdraw

J-S16015-25

pursuant to **Turner**/**Finley**.[1]  On December 23, 2013, the court granted counsel's motion to withdraw and issued Pa.R.Crim.P. 907 notice of its intent to dismiss Sinkovitz's petition without a hearing.  On February 24, 2014, the court dismissed Sinkovitz's petition.  Sinkovitz filed a collateral appeal; our Court affirmed the trial court's order denying PCRA relief.  **See Commonwealth v. Sinkovitz**, 120 A.3d 1050 (Pa. Super. 2015) (Table).

On November 3, 2017, Sinkovitz filed a facially untimely second PCRA petition.  On December 4, 2017, after issuing Rule 907 notice, the court dismissed Sinkovitz's second petition as untimely, concluding he failed to prove his "newly-discovered" evidence claim or that he was entitled to relief on an after-discovered evidence claim.  Sinkovitz filed a *pro se* appeal.  On June 13, 2018, our Court affirmed the PCRA court's dismissal order.  **Id.**, 193 A.3d 1076 (Pa. Super. 2018) (Table).  On February 19, 2019, the Pennsylvania Supreme Court denied Sinkovitz's petition for allowance of appeal.  **Id.**, 202 A.3d 680 (Pa. 2019) (Table).

On March 24, 2023,[2] Sinkovitz filed the instant, third PCRA petition, titled "Petition to Hear 'Newly[-]Discovered Fact.'"  Pursuant to Title 42 §

_____

[1] **Commonwealth v. Turner**, 544 A.2d 927 (Pa. 1988); **Commonwealth v. Finley**, 550 A.2d 213 (Pa. Super. 1988) (en banc).

[2] In its Pa.R.A.P. 1925(a) opinion, the PCRA court acknowledges that it "failed to reassign [Sinkovitz's third PCRA petition] to a new judge" upon the original trial judge's retirement.  In addition, it notes that due to an "oversight," the petition was not delivered to the trial court and reassigned to a new judge until August 17, 2023.  Moreover, due to additional court breakdown, the final
*(Footnote Continued Next Page)*

- 2 -

9545(b)(1)(ii)." Sinkovitz filed an amendment to his petition on August 17, 2023, further alleging newly-discovered facts in the form of false testimony from Commonwealth witnesses that had allegedly been "fabricated, manipulated, and[/]or coer[c]ed" by the prosecution." Amendment to Petition, 8/17/23, at 1. After issuing Rule 907 notice of intent to dismiss, the court denied the petition as untimely on September 12, 2024. Sinkovitz filed a timely *pro se* notice of appeal. On appeal, Sinkovitz raises the following issues:

I.      Did the [p]rosecution knowingly, willfully[,] and wantonly disregard over one hundred [] years of precedent to declare that the defense of self-defense did not require proof beyond a reasonable doubt [and] instead allow[ed proof by a] preponderance of the evidence in violation of both the Pennsylvania and United States Constitution[s]?

II.     Did the [p]rosecution knowingly, willfully[,] and wantonly barter with favorable treatment, [and] fail to divulge this fact, with individuals of either disqualified backgrounds, or individuals of diminished mental capacity?

III.    Did the [p]rosecution knowingly, willfully[,] and wantonly disregard and dismiss the law and order of this [C]ommonwealth to abuse their authority and power for political gain?

Appellant's Brief, at 3.

---

dismissal order issued on February 5, 2024, was not docketed until its reissuance on September 12, 2024. The trial court incorporates, by reference, its December 18, 2023 memorandum opinion that "details the facts in the matter, provides [its] reasons for concluding that [Sinkovitz] is not entitled to [PCRA] relief, and is the basis of [its] September 12, 2024 final order." **See** Trial Court Opinion, 12/9/24, at 2.

When reviewing an order denying PCRA relief, we must "determine whether it is supported by the record and is free of legal error." *Commonwealth v. Cousar*, 154 A.3d 287, 296 (Pa. 2017). Furthermore, we note:

> [T]he PCRA court has discretion to dismiss a petition without a hearing when the court is satisfied there are no genuine issues concerning any material fact, the [petitioner] is not entitled to post-conviction collateral relief, and no legitimate purpose would be served by further proceedings. To obtain reversal of a PCRA court's decision to dismiss a petition without a hearing, an appellant must show that he raised a genuine issue of fact which, if resolved in his favor, would have entitled him to relief, or that the court otherwise abused its discretion in denying a hearing.

*Id.* at 297 (citations and some punctuation omitted).

Before we may address Sinkovitz's issues on appeal, we must first determine whether the PCRA court had jurisdiction to consider his PCRA petition. Generally, a petition for PCRA relief, including a second or subsequent petition, must be filed within one year of the date the judgment of sentence is final. *See* 42 Pa.C.S.A. § 9545(b)(1); *see also Commonwealth v. Alcorn*, 703 A.2d 1054 (Pa. Super. 1997). There are, however, exceptions to the timeliness requirement, set forth at 42 Pa.C.S.A. §§ 9545(b)(1)(i)-(iii). These exceptions include interference by government officials in the presentation of the claim, newly-discovered facts or evidence, and an after-recognized constitutional right. *See Commonwealth v. Gamboa-Taylor*, 753 A.2d 780, 783 (Pa. 2000).

Where the petition alleges, and the petitioner proves, that an exception to the time for filing the petition is met, the petition will be considered timely.

A PCRA petition invoking one of these exceptions must "be filed within one year of the date the claims could have been presented." 42 Pa.C.S.A. § 9545(b)(2).[3] The timeliness requirements of the PCRA are jurisdictional in nature and, accordingly, a PCRA court cannot hear untimely petitions. *Commonwealth v. Robinson*, 837 A.2d 1157 (Pa. 2003).

Here, Sinkovitz's judgment of sentence became final on December 27, 2011, when the time expired for him to file a writ of certiorari with the United States Supreme Court. *See* 42 Pa.C.S.A. § 9545 (b)(3); Sup. Ct. R. 13 (90 days to file writ of certiorari with United States Supreme Court following denial of state supreme court's petition for allowance of appeal). Thus, Sinkovitz had until December 27, 2012, to file a timely PCRA petition. The current petition, filed on March 24, 2023, is, therefore, patently untimely. Unless Sinkovitz pled and proved a timeliness exception to the PCRA time-bar, the PCRA court had no jurisdiction to consider the merits of his petition. *See Commonwealth v. Jackson*, 30 A.3d 845 (Pa. 2012) (if PCRA petition deemed untimely and no exception pled and proven, petition must be

---

[3] Subsection 9545(b)(2) of the PCRA was amended on October 24, 2018, effective in 60 days (Dec. 24, 2018), extending the time for filing from sixty days of the date the claim could have been presented, to one year. The amendment applies to claims arising on December 24, 2017, or thereafter. *See* Act 2018, Oct. 24, P.L. 894, No. 146, § 3. Here, the one-year time limit in subsection 9545(b)(2) applies to Sinkovitz's petition, where his claim arose on October 10, 2018, when *Commonwealth v. Roberts*, 200 A.3d 548 (Pa. Super. 2018) (Table), was filed.

dismissed without hearing because court lacks jurisdiction to consider merits of petition).

Instantly, Sinkovitz pleads the PCRA's newly-discovered facts exception, claiming that the actions of Assistant District Attorney John Baer in an unrelated case "mirror the [ADA's] actions in [his] trial." PCRA Petition, 3/24/23, at 3 (unpaginated). *See Commonwealth v. Roberts*, 200 A.3d 548 (Pa. Super. 2018) (Table). Specifically, Sinkovitz asserts that, like the case in *Roberts*, ADA Baer "knowingly and willingly ignore[d his] claim of self-defense [and, a]s a result of [Attorney Baer's] actions, another wrongful/false conviction and malicious prosecution has occurred, violating [his] State and Federal Constitutional rights." PCRA Petition, 3/24/23, at 2 (unpaginated).

Here, this Court's decision in *Roberts*, in which certain allegations regarding Attorney Baer's conduct in the matter were discussed,[4] was filed on October 10, 2018. Thus, pursuant to subsection 9545(b)(2) of the PCRA, Sinkovitz had to file his petition invoking the timeliness exception "within one year of the date the claim[] could have been presented," or, by October 10,

---

[4] In *Roberts*, a witness testified at the PCRA hearing that ADA Baer, who was the lead prosecutor in Roberts' case, coerced him to testify about Roberts' motive to kill the victim. The witness "was under the impression that if he helped out Attorney Baer, it would help him with [] gun charges he was facing." *Id.* at *23. After testifying against Roberts and being sentenced for his gun charges, the witness stated that he gave his prior statement against ADA Baer because "he was upset with him . . .[for] not fulfill[ing] his end of their 'agreement.'" *Id.* Ultimately, the PCRA court granted the petitioner a new trial after concluding that trial counsel was ineffective in failing to call a witness, and present her receipt from Target, in support of Roberts' *alibi* defense. *Id.* at *25.

2019. 42 Pa.C.S.A. § 9545(b)(2). Because Sinkovitz's petition was not filed until March 2023, he has failed to prove a timeliness exception. Thus, we affirm the trial court's dismissal of Sinkovitz's petition.[5] **Robinson**, **supra**.

Order affirmed.

Judgment Entered.

Benjamin D. Kohler, Esq.
Prothonotary

Date: 05/27/2025

---

[5] In any event, Sinkovitz has failed to allege or show any connection between ADA Baer's alleged misconduct in **Roberts** and his case.